UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-572-RJC
(3:14-cr-94-RJC-DSC-1)

| | |
|---|---|
| BRODERICK MAURICE McDOWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), in which he seeks relief pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). Also pending is Respondent's Motion to Place Motion Under 28 U.S.C. § 2255 in Abeyance, (Doc. No. 4).

**I.  BACKGROUND**

Petitioner pled guilty in the underlying criminal case to a single count of possession of a firearm by a convicted felon in violation of 18 U.S.C § 922(g)(1). (3:14-cr-94, Doc. Nos. 22, 23).

The Presentence Investigation Report ("PSR") scored the base offense level as 20 pursuant to U.S. Sentencing Guidelines § 2K2.1 because Petitioner committed the offense after sustaining a felony conviction for a crime of violence, that is, North Carolina conspiracy to commit armed robbery. (3:14-cr-94, Doc. No. 33 at ¶ 20). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 17. (3:14-cr-94, Doc. No. 33 at ¶¶ 26-28). Petitioner had a criminal history score of seven and a criminal history category of IV, resulting in a guideline imprisonment range of 37 to 46 months. (3:14-cr-94, Doc. No. 33 at ¶¶ 35, 36, 63).

1

The Court adopted the PSR without change and, on July 30, 2015, sentenced him to 42 months' imprisonment followed by two years of supervised release. (3:14-cr-94, Doc. No. 37). Petitioner did not appeal.

Petitioner filed the instant § 2255 Motion to Vacate on July 18, 2016. (Doc. No. 1). He argues that counsel was ineffective for failing to object to the § 2K2.1 enhancement at sentencing in light of Johnson v. United States, 135 S.C. 2551 (2015), and that the misapplication of § 2K2.1 violates due process. The Court ordered the Government to respond to the § 2255 Motion to Vacate, but instead, it moved to stay the proceedings pending the outcome of Beckles v. United States, No. 15-8455. (Doc. No. 4).

Petitioner was placed on supervised release on August 16, 2017, and revocation proceedings are underway.[1] (3:14-cr-94, Doc. Nos. 45, 50, 51).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner argues that the enhanced base offense level pursuant to Guidelines § 2K2.1 is invalid in light of Johnson and that counsel was ineffective for failing to raise the issue at sentencing.

---

[1] A prisoner on supervised release is considered to be "in custody" for purposes of § 2255. See United States v. Pregent, 190 F.3d 279 (4th Cir. 1999).

Johnson announced that the Armed Career Criminal Act's ("ACCA") residual clause[2] is void for vagueness, and that holding is a retroactively applicable right. Id.; Welch v. United States, 136 S.Ct. 1257, 1265 (2016). However, Johnson does not apply to the advisory sentencing guidelines because "the Guidelines are not amenable to a vagueness challenge." Beckles v. United States, 137 S.Ct. 886, 894 (2017).

Petitioner's guideline sentencing claim is squarely foreclosed by Beckles and counsel cannot be deemed ineffective for failing to raise a meritless claim. See generally Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) ("this Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success.").

## IV. CONCLUSION

For the foregoing reasons, the Court denies Petitioner's § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED**.

2. Respondent's Motion to Place Motion Under 28 U.S.C. § 2255 in Abeyance, (Doc. No. 4), is **DENIED** as moot.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338

---

[2] ACCA defines a "violent felony" as any felony that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the residual clause.

(2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 15, 2018

Robert J. Conrad, Jr.
United States District Judge